# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

OF

# THE STATE OF NEW JERSEY

## 1918.

---

EDWIN ROBERT WALKER, CHANCELLOR.

———

FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN,
JOHN E. FOSTER AND MERRITT LANE, VICE-
CHANCELLORS.

———

## In re AGNES BROWN.

[Decided September 12th, 1918.]

1. When a married woman owning lands in this state desires to sell them but is unable to do so by reason of the lunacy or other incapacity of her husband to join her in the execution of a proper deed of conveyance, and petitions the court of chancery to direct her to convey such lands without her husband joining her, under *3 Comp. Stat. p. 3233 § 8q,* and for the conservation of so much of the purchase-money as shall represent the interest of the husband in the lands sold, under *Ibid. § 8r,* the husband, whose rights are affected, must be made a party to the proceedings.

2. The practice to be observed in such cases pointed out.

On petition of a married woman to sell real estate as a *feme sole.*

*Mr. Edwin F. Crane,* for the petitioner.

This matter was referred to Bayard Stockton, Esq., advisory master, who filed the following conclusions:

"The petitioner alleges in her petition that her husband, John C. Brown, has been a feeble-minded person since 1907, and since that date has been confined in various hospitals for the insane, and that he was on September 9th, 1914, committed to the Camden County Hospital for the Insane as a private patient by the judge of the Camden county common pleas, and that he is still confined in that hospital; that on March 8th, 1916, and on May 14th, 1917, the petitioner purchased with her own money certain lands in Haddonfield, Camden county, particularly described in the petition; that she is desirous of conveying said lands, and prays that the merits of her application may be inquired into and that she may be permitted to sell said premises and to execute proper deeds or conveyances therefor.

"It does not appear from the petition whether or not the petitioner and her said husband had issue, the fruit of their marriage, but this is not material for the purpose of this application. The petitioner applies for an order of reference on filing the petition.

"The statute invoked is found in *Comp. Stat. p. 3233* §§ *8q* and *8r.* Section 8q provides that in case any married woman owning lands situate within this state shall desire to convey the same, but shall not be able to do so by reason of the lunacy or other mental incapacity of her husband to join with her in the execution of proper deeds or conveyances therefor, it shall be lawful for the court of chancery, upon petition filed for that purpose, to direct that such married woman may convey the said lands by deed or deeds executed by herself without concurrence of her husband, which deeds shall convey the lands free from any claim, estate or right of the husband, and shall be an absolute bar to any right of curtesy therein.

"Section 8r provides that the court of chancery may, in a sum-

mary manner, inquire into the merits of the application by reference to a master or otherwise, and in case the court permits such deed to be made, said court shall ascertain the actual value of the estate or interest of the husband, and that the value thereof shall be paid out of the purchase-money to the committee or guardian of the lunatic or incapacitated husband, or, if there be no such guardian, to the clerk of the court.

"The husband of a married woman has an actual estate or interest in the lands of his wife, capable of being estimated and valued. *Doremus* v. *Paterson, 69 N. J. Eq. 188; affirmed, Ibid. 775; Hackensack Trust Co.* v. *Tracy, 86 N. J. Eq. 301.* The interest of the husband in the wife's lands does not depend on the birth of issue. His interest is that of a contingent estate in remainder before issue born. *Hackensack Trust Co.* v. *Tracy, supra.*

"The petition alleges that the husband is now *non compos mentis.* As his rights are to be affected by this proceeding, he must be made a party thereto and have an opportunity of making a defence. *In re Martin, 86 N. J. Eq. 265.*

"He should be served with process, and brought into court, not necessarily by writ of subpœna or other writ.

"The proper practice in this case is that an order be made on John C. Brown to show cause why the prayer of the petition should not be granted, and a certified copy of the petition and affidavits and of the order be served upon him in the presence of some competent person. If upon the return of the order Mr. Brown does not appear, the clerk of the court will be assigned and appointed guardian *ad litem* to appear and answer for him. An order of reference will then be made to a special master, and the matter may be brought on for a summary hearing. This is in conformity with the practice adopted in *In re Martin, supra,* where the incapacitated party was a widow entitled to an estate in dower."

WALKER, CHANCELLOR.

An order will be made in conformity with the advice contained in the conclusions of Advisory Master Stockton, which are hereby adopted as the opinion of the court.